UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CHAD KUBINSKI, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | )  No. 1:16-cv-51-JRG-SKL |
| | ) |
| | ) |
| TUV RHEINLAND INDUSTRIAL | ) |
| SOLUTIONS, INC., and | ) |
| BUFFALO STAFFING, INC., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

Before the Court is the second motion for default judgment against Defendant Buffalo Staffing, Inc. ("Defendant Buffalo Staffing") filed by Plaintiff Chad Kubinski ("Plaintiff") [Doc. 37].[1] Plaintiff's attorney, Adam U. Holland, ("Attorney Holland"), has filed a second affidavit [Doc. 37-1] and an amended affidavit along with his invoices [Doc. 42] in support of Plaintiff's

---

[1] Plaintiff filed his first motion for default, along with an affidavit in support, against Defendant Buffalo Staffing on June 29, 2016 [Docs. 26 & 26-1]. The Court denied the motion without prejudice [Doc. 33] because at the time Defendant TUV Rheinland Industrial Solutions, Inc. ("Defendant TUV") had made an appearance and was defending against the claims of fraudulent inducement of an employment contract, promissory fraud and "civil conspiracy" which Plaintiff had raised jointly against Defendant TUV and Defendant Buffalo Staffing. On October 25, 2016, Plaintiff filed a stipulation of dismissal with prejudice as to Defendant TUV pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) [Doc. 36]. The claims against Defendant Buffalo Staffing are the only remaining claims in this matter.

motion. Plaintiff has also filed proposed findings of fact and conclusions of law as ordered by the Court [Doc. 47] and his affidavit [Doc. 48]. Plaintiff seeks to recover damages totaling $42,840.00 for breach of contract and fraudulent inducement claims asserted against Defendant Buffalo Staffing [Doc. 47 at Page ID #251-53].[2] In his proposed findings of fact and conclusions of law, Plaintiff states that he is withdrawing claims for attorneys' fees as there is no longer any statutory or contractual basis for the claims [Doc. 47 at Page ID #253, ¶ 7]. The District Court has referred this matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 55(b)(2) to prepare a report and recommendation.

An evidentiary hearing was duly noticed and held on January 11, 2017 [Doc. 41]. Present at the hearing was Attorney Holland for Plaintiff. Upon Plaintiff's request, the hearing was continued until February 1, 2017 [Doc. 44]. Attorney Holland attended the February 1, 2017 evidentiary hearing, and Plaintiff elected not to attend the hearing and instead provided sworn testimony by affidavit [Doc. 48]. Despite having been given notice of the January and February hearings [Docs. 41 & 44], no representative of Defendant Buffalo Staffing was present at either hearing or made any contact with the Court.

## I. BACKGROUND

In the second amended complaint [Doc. 16], Plaintiff has brought claims for breach of contract, retaliatory discharge pursuant to Tenn. Code Ann. § 50-1-304, fraudulent inducement, promissory fraud, and civil conspiracy against Defendant Buffalo Staffing. Defendant Buffalo

---

[2]Initially, Plaintiff requested recovery for damages totaling $43,773.45, plus interest from the date of judgment and the costs of the action, along with $7,807.50 in attorneys' fees, from Defendant Buffalo Staffing [Doc. 42 at Page ID # 212]. During the February 1, 2017 evidentiary hearing, Plaintiff's counsel clarified that Plaintiff is seeking damages totaling $42,840.00, is withdrawing his claim for attorneys' fees, and is waiving any court costs.

2

Staffing has failed to answer or otherwise respond to the second amended complaint after being served.[3] The Clerk entered default in favor of Plaintiff against Defendant Buffalo Staffing pursuant to Fed. R. Civ. P. 55(a) on June 23, 2016 [Doc. 25].

Taking the allegations in the second amended complaint [Doc. 16] as true, the undisputed facts are:

1. Plaintiff is a resident of the State of Illinois and resides with his family at 25612 Chipwood Dr. Minooka, IL, 60447 [Doc. 16 at Page ID # 95, ¶ 3].

2. Defendant Buffalo Staffing is a New York entity with a principal place of business located at 155 Summer Street, Buffalo, New York, 14222 [*id.* at Page ID # 95, ¶ 4].

3. Defendant TUV is a foreign entity with a principal place of business located at 8181 Broadmoor Avenue SE, Caledonia, MI 49316 [*id.* at Page ID # 96, ¶ 5]. Plaintiff's claims against Defendant TUV were dismissed pursuant to a Stipulation of Dismissal entered on October 25, 2016 [Doc. 36].

4. Plaintiff is a highly skilled welding inspector with many years of experience and holds various industry certifications including certification as an RT Level II [Doc. 16 at Page ID # 96, ¶ 8].

5. On June 19, 2015, Plaintiff responded to an online advertisement by Defendant Buffalo Staffing [*id.* at Page ID # 96, ¶ 9].

---

[3] Plaintiff originally filed this action in circuit court in Bradley County, Tennessee. A representative of Defendant Buffalo Staffing filed a declaration stating that it had not been served with that summons and complaint and that it consented to removal of the lawsuit to this Court [Doc. 1-4]. Once removed, Plaintiff filed an amended complaint [Doc. 9] and served a summons and the amended complaint on Defendant Buffalo Staffing pursuant to Fed. R. Civ. P. 4 [Docs. 9 & 14]. In response to Defendant TUV's motion to dismiss, Plaintiff filed a second amended complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B) which he served on Defendant Buffalo Staffing pursuant to Fed. R. Civ. P. 5 [Doc. 16].

6. Defendant Buffalo Staffing was advertising a contract position at Wacker Industries in Bradley County, Tennessee [*id.* at Page ID # 96, ¶ 10]. Defendant Buffalo Staffing's ad was seeking individuals with Plaintiff's skills and experience to work on the Phase I construction project as Wacker ("Project") [*id.*]. The job posting also promised substantial overtime available for interested applicants [*id.*].

7. Plaintiff responded to Defendant Buffalo Staffing's ad via email and began contract negotiations with Defendant Buffalo Staffing [Doc. 16 at Page ID # 96, ¶ 11].

8. From the outset, Plaintiff made it clear to Defendant Buffalo Staffing that he needed a guarantee of no less than 60 to 70 hours a week before he was willing to relocate from Florida to take the job in Bradley County, Tennessee [*id.* at Page ID # 96-97, ¶¶ 12, 13, 14].

9. Defendant Buffalo Staffing's CEO Joe Bella ("Mr. Bella") assured Plaintiff that he would be able to work 60 to 70 hours a week and over "3,000 hours per year" if he wanted [*id.* at Page ID # 97, 98, ¶¶ 14, 19].

10. On June 29, 2015, Plaintiff and Defendant Buffalo Staffing entered into an employment contract for a 6-month term with the option to renew upon the conclusion of the initial term [*id.* at Page ID # 98, ¶ 22]. The contract is attached as Exhibit 1 to the second amended complaint [Doc. 16-1].[4]

11. Under the terms of the employment contract, Plaintiff was guaranteed to be paid $32.00 per billable and collectable hour worked, overtime compensation at time and a half for each billable and collectable hour over forty hours per week worked, and a per diem of $95 a day [Doc. 16 at Page ID # 98, ¶ 23; Doc. 16-1 at page ID # 111-12].

---

[4] The employment contract provides that it "shall be construed, interpreted and enforced in accordance with the laws of the State of New York" [Doc. 16-1 at Page ID # 112].

12. Plaintiff relied on Defendant Buffalo Staffing's representations regarding the availability of substantial overtime hours to his detriment when he entered into the employment contract with Defendant Buffalo Staffing [Doc. 16 at Page ID # 98-99, 101, ¶¶ 21, 25, 42; Doc. 48 at Page ID # 256, ¶ 8].

13. Defendant Buffalo Staffing knew or should have known that there was not sufficient work available at the Project to ensure Plaintiff upwards of 70 to 80 hours a week at the time Plaintiff executed the employments contract [Doc. 16 at Page ID # 98, ¶ 20].

14. Plaintiff began work in July 2015 but quickly found out that the Project did not offer the available overtime that had previously been represented by Defendant Buffalo Staffing [*id.* at Page ID # 99, ¶ 26].

15. Plaintiff worked all of the hours and extra shifts that were available to him [*id.* at Page ID # 99, ¶ 27].

16. Plaintiff complained to Defendant Buffalo Staffing that he was not being allowed to work the hours originally represented, and Defendant Buffalo retaliated against him by reducing the hours it allowed him to work, ultimately reducing his hours from 8 to 12 hours a shift to 5 to 8 hours a shift, or less [*id.* at Page ID # 99, ¶ 28].

17. Plaintiff further complained to Defendant Buffalo Staffing about safety violations, including employees not following procedures concerning the appropriate handling and storing of radioactive materials, for which he suffered retaliation [*id.* at Page ID # 99, ¶ 29].

18. Plaintiff suffered workplace retaliation and was wrongfully terminated by Defendant Buffalo Staffing on October 21, 2015 in breach of his employment contract [*id.* at Page ID # 100, 102, ¶¶ 31, 47].

5

Case 1:16-cv-00051-JRG-SKL   Document 51   Filed 02/06/17   Page 5 of 12   PageID #: 272

19. Plaintiff was unemployed for the remainder of the contract term and suffered damages in the form of lost compensation and lost per diem despite Plaintiff's efforts to mitigate his damages [*id.* at Page ID # 100, ¶ 32].

20. Plaintiff ultimately found comparable work after expiration of the initial 6-month term [*id.* at Page ID # 100, ¶ 32].

Based on Plaintiff's affidavit, Plaintiff avers that it is customary in the industry to work 6 or 7 days a week, and that he never agrees to any employment contract that does not provide substantial overtime [Doc. 48 at Page ID # 256, ¶ 6]. At the time Plaintiff agreed to work on the Project, there were other available contracts providing substantial overtime [*id.* at Page ID # 256, ¶ 7]. Upon execution of the contract, Plaintiff avers that he agreed not to apply for work for another contract holder at the Project until the term of his contract with Defendant Buffalo Staffing had been fulfilled [*id.* at Page ID # 257, ¶ 13]. Plaintiff explains that he currently works an industry contract position in Texas, which he began after the term of his contract with Defendant Buffalo Staffing [*id.* at Page ID # 258, ¶ 21]. Plaintiff is seeking damages for lost wages and per diem compensation [*id.* at Page ID # 258, ¶ 20].

## II. ANALYSIS

### A. Jurisdiction and Venue

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) (diversity of citizenship between the parties). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims in this action occurred within this judicial district.

6

Case 1:16-cv-00051-JRG-SKL   Document 51   Filed 02/06/17   Page 6 of 12   PageID #: 273

B. **Defendants' Liability**

The granting of a motion for default judgment is left within the sound discretion of the court. *HICA Educ. Loan Corp. v. Klugewicz*, No. 1:11-cv-287, 2012 WL 6799752, at *1 (E.D. Tenn. Apr. 17, 2012). The United States Court of Appeals for the Sixth Circuit "has decided that courts should exercise their given discretion in favor of denying a motion for default judgment when the plaintiff's complaint fails to state a claim upon which relief can be granted." *Id.* In making this determination, the court should accept all well-pleaded allegations in the complaint as true except for those relating to the amount of damages that is not a sum certain or a sum that can be made certain by computation. *Id.* at *1-2.

Here, Plaintiff is seeking a default judgment against Defendant Buffalo Staffing on claims for breach of contract under New York law and for fraudulent inducement.[5] To establish a *prima facie* case of fraudulent inducement to contract, Plaintiff must show:

> (1) a false statement concerning a fact material to the transaction; (2) knowledge of the statement's falsity or utter disregard for its truth; (3) intent to induce reliance on the statement; (4) reliance under circumstances manifesting a reasonable right to rely on the statement; and (5) an injury resulting from the reliance.

*Lamb v. Megaflight, Inc.*, 26 S.W.3d 627, 630-31 (Tenn. Ct. App. 2000).

In the second amended complaint, Plaintiff alleges that Defendant Buffalo Staffing made false statements to him about the hours he would be offered to work if he entered into an employment agreement with Defendant Buffalo Staffing and that these false statements were material to the transaction because they formed the basis for Plaintiff's acceptance of the contract

---

[5] During the February 1, 2017 hearing, Plaintiff's counsel represented that Plaintiff has settled his claims against Defendant TUV for a nominal amount and that Plaintiff is pursuing claims for which he has received no compensation, i.e., breach of contract and fraudulent inducement, against Defendant Buffalo Staffing in his second motion for default judgment.

[Doc. 16 at Page ID # 100, ¶¶ 34, 35].  Plaintiff further alleges that Mr. Bella knew or should have known that the Project did not provide the amount of overtime work as represented and that Mr. Bella intended to induce Plaintiff's reliance on the false statements because Mr. Bella knew that Plaintiff would not enter into the contract if there was not a promise of 60 to 70 hours of work a week [*id.* at Page ID # 100-01, ¶¶ 36, 40].  Plaintiff avers that he reasonably relied on Defendant Buffalo Staffing's misrepresentations to his detriment, accepted the job offer, and moved to Tennessee [*id.* at Page ID # 100, ¶ 42].  Plaintiff states that he has been injured in an amount no less than $30,000.00, including the promised overtime compensation, relocation expenses, living expenses, and lost contractual earnings [*id.* at Page ID # 101, ¶ 43].  Based on the foregoing, I **CONCLUDE** that Plaintiff has successfully stated a claim for fraudulent inducement.

"Under New York law, '[t]he elements of a cause of action for breach of contract are (1) formation of a contract between plaintiff and defendant, (2) performance by plaintiff, (3) defendant's failure to perform, (4) resulting damage.'" *U.S. Nonwovens Corp. v. Pack Line Corp.*, 4 N.Y.S.3d 868, 872 (N.Y. Sup. Ct. 2015) (quoting 2 N.Y. Pattern Jury Instr. Civil 4:1). The subject contract is attached as Exhibit 1 to the second amended complaint [Doc. 16-1].  As alleged by Plaintiff, Plaintiff and Defendant Buffalo Staffing entered into an enforceable contract for a 6-month term subject to renewal [Doc. 16 at Page ID # 102, ¶ 47].  Defendant Buffalo Staffing breached the employment contract when Plaintiff was wrongfully terminated from the Project on October 21, 2015, in retaliation for Plaintiff's complaints about not receiving the number of hours of work he was promised and about the workplace safety violations [*id.* at Page ID # 102, ¶¶ 47, 48].  Plaintiff has denied any wrongful conduct warranting termination from the Project [*id.* at Page ID # 102, ¶ 47].  Plaintiff alleges that he suffered damages as a result of

Defendant's breach of the employment contract totaling no less than $30,000.00 [*id.* at Page ID # 102, ¶ 49]. Taking the allegations of the second amended complaint as true, I **CONCLUDE** that Plaintiff has successfully stated a claim for breach of contract.

Before a default judgment can be entered in a plaintiff's favor, a plaintiff must show (1) the defendant was properly served with process; (2) the procedural obligations for default judgment under Rule 55 of the Federal Rules of Civil Procedure have been fulfilled; (3) the defendant was served with notice at least three days before the hearing if the plaintiff is seeking default against a defendant who has entered an appearance; (4) an affidavit has been submitted which states the defendant is not an infant or incompetent person; and (5) an affidavit has been submitted which states whether the defendant is a member of the armed services who is entitled to protection against default under SCRA. *HICA Educ. Loan Corp.*, 2012 WL 6799752, at *3-4. Only if the plaintiff fulfills all of the above requirements does the court have the discretion to enter default judgment. *See Virgin Records Am., Inc. v. Bagan*, No. CIV 08-4694(WHW), 2009 WL 2170153, at *2 (D.N.J. July 21, 2009) (noting that, although courts have discretion to enter default judgment, entry of default by the clerk and valid service of process are prerequisites to default judgment).

In the instant case, Plaintiff properly served Defendant with process.[6] *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) (noting that "[a] signed return of service constitutes prima facie evidence of valid service"). Plaintiff properly applied for entry of default before moving for default judgment. *See* Fed. R. Civ. P. 55(a). As Defendant Buffalo Staffing has made no appearance in this case, the notice requirement in Fed. R. Civ. P. 55(b) is not

---

[6] According to the record, Defendant Buffalo Staffing was served on May 2, 2016 and the summons was returned executed on May 5, 2016 [Docs. 14 & 33].

9

triggered. Defendant Buffalo Staffing is a limited liability company and cannot be an infant, an incompetent person, or a member of the military entitled to protection from default under SCRA. As a result, the Court has discretion to enter a default judgment finding Defendant Buffalo Staffing liable for Plaintiff's claims for fraudulent inducement and breach of contract.

### C. Damages

Because Plaintiff's claim was not for a sum certain, the Court conducted an evidentiary hearing. *See HICA Educ. Loan Corp.*, 2012 WL 6799752, at *2. Plaintiff submitted a sworn affidavit that included a spreadsheet calculating his damages, and Defendant has not contested Plaintiff's evidence of damages. The spreadsheet shows the hours of work Plaintiff actually performed and the compensation Plaintiff actually received from the work performed during the week ending July 4, 2015 through the week ending October 24, 2015, and the amount of additional compensation totaling $11,800.00 that Plaintiff would have received if he had worked 70 hours per week as promised by Defendant Buffalo Staffing [Doc. 48 at Page ID # 258, ¶ 23; Doc. 48-1]. The spreadsheet also supports an additional payment of $31,040.00 for the compensation Plaintiff would have received if he had worked 70 hours a week as promised from his termination through the term of the contract on December 26, 2015, including the per diem amounts and demobilization [Doc. 48 at Page ID # 258, ¶ 24; Doc. 48-1]. As represented by Plaintiff's counsel during the February 1, 2017 hearing, Plaintiff is seeking damages totaling $42,840.00 [Doc. 47 at Page ID # 253, ¶ 8]. Defendant Buffalo Staffing has not contested the amount of damages presented by Plaintiff.

Accordingly, I **RECOMMEND** that the Court enter an award of $42,840.00 in damages. This amount is reasonable given the allegations of the second amended complaint and Plaintiff's

10

affidavit.

### D. Attorney's Fees and Costs

While Plaintiff initially sought to recover attorneys' fees and costs in his second motion for default judgment, Plaintiff has represented that he is withdrawing his claim for attorneys' fees [Doc. 47 at Page ID # 253], and during the February 1, 2017 hearing, Plaintiff's counsel represented that, in light of the removal, Plaintiff waives any court costs related to the filing in state court.

### E. Post-Judgment Interest

Plaintiff contends that he is entitled to post-judgment interest. Under 28 U.S.C. § 1961, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." Accordingly, I **RECOMMEND** that the Court award Plaintiff post-judgment interest on the total award at the statutory rate.[7]

---

[7] The applicable rate can be found at the following address: http://www.federalreserve.gov/releases/H15/current/.

### III. CONCLUSION

Based on the foregoing findings and conclusions, I **RECOMMEND**[8] that the Court award judgment for Plaintiff against Defendant Buffalo Staffing as follows:

1. Find Defendant Buffalo Staffing liable for the fraudulent inducement of contract and breach of contract claims alleged in Plaintiff's second amended complaint;

2. Enter an award of $42,840.00 in damages against Defendant Buffalo Staffing in favor of Plaintiff; and

3. Award Plaintiff post-judgment interest on the total award at the rate mandated by 28 U.S.C. § 1961.

                                                          s/ *Susan K. Lee*
                                                         SUSAN K. LEE
                                                         UNITED STATES MAGISTRATE JUDGE

---

[8] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).